UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BURROWS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>ORCHID ISLAND TRS, LLC; GOLDEN VALLEY LENDING CORP., INC.; FIRST NLC FINANCIAL SERVICES, LLC; CHRISTINE SMITH,<br><br>　　　　　Defendants. | CASE NO. 07CV1567-BEN (WMC)<br><br>ORDER:<br><br>(1) STAYING THE ACTION DUE TO DEFENDANT FIRST NLC FINANCIAL SERVICES, LLC'S BANKRUPTCY FILING; AND<br><br>(2) VACATING ALL CASE MANAGEMENT DATES AND DEADLINES |

　　　The Court has reviewed the Notice of Automatic Stay and Suggestion of Bankruptcy filed by Defendant NLC Financial Services, LLC. *See* Doc. Nos. 44, 45. The Court finds that the allegations contained in Plaintiff Michael Burrows' ("Burrows") Complaint against Defendant NLC Financial Services, LLC ("NLC") is "inextricably interwoven" with his claims against the other Defendants, and the allegations overall "present[] common questions of law and fact, which can be resolved in one proceeding." *See*, *e.g.*, *Federal Life Ins. Co. (Mut.) v. First Financial Group of Texas, Inc.*, 3 B.R. 375, 376 (S.D. Tex. 1980). Specifically, Burrows alleges that NLC is a necessary party to this action, in part, because (1) Burrows responded to NLC's advertisement when he began looking for a loan; (2) Defendant Smith was an employee of NLC; and (3) NLC had a working relationship with another Defendant. *See* Doc. Nos. 1, 20.

1  Therefore, the Court concludes a stay is necessary in this case. In light of the automatic stay
2  imposed by NLC's bankruptcy filing, the dates and deadlines set in this case are hereby vacated.
3  Plaintiff shall file a Status Report with this Court no later than July 16, 2008 to report any
4  developments with respect to NLC's bankruptcy case and/or with respect to other Defendants.

6  DATED: February 15, 2008

   Hon. Roger T. Benitez
   United States District Judge