FILED

2010 MAY 28  AM 8:07

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BURROWS,<br><br>                             Plaintiff,<br>vs.<br><br>ORCHID ISLAND TRS, LLC, successor to OPTEUM FINANCIAL SERVICES, LLC; et al.,<br><br>                            Defendants. | CASE NO. 07cv1567 - BEN (WVG)<br><br>**ORDER ON MOTIONS IN LIMINE**<br><br>**[Dkt. Nos. 146-149;153-154]** |

Four motions in limine filed by Plaintiff Michael Burrows and two motions in limine filed by Defendants Golden Valley Lending Group, Inc., Christine Smith, and Jessica Graf are before the Court. Dkt. Nos. 146-149; 153-154. The Court rules as follows:

1. **Plaintiff's Motion in Limine to Exclude Defendants' Expert Witnesses**

Plaintiff moves to preclude Defendants from introducing any expert witness testimony or expert written reports pursuant to Federal Rule of Civil Procedure 37(c)(1) because Plaintiff did not receive Defendants' disclosure of rebuttal experts and expert witness written reports by the August 24, 2009 and August 31, 2009 deadlines. Defendants served their rebuttal expert disclosures on August 17, 2009 and their expert reports on August 31, 2009 by mail, but unfortunately, the documents were sent to Plaintiff counsel's prior address. Plaintiff brought this to Defendants' attention on September 2, 2009 and Defendants immediately emailed the reports to Plaintiff's counsel.

Rule 37(c)(1) precludes the use of a witness or information, as a sanction, for failure to disclose the information as required, "unless the failure was substantially justified or is harmless."

In determining if a violation is substantially justified or is harmless, the Court may consider: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Based on the very short delay in disclosing these documents, immediately after it was brought to Defendants' attention, the Court finds little if any prejudice or surprise to Plaintiff, no disruption in the trial, and no bad faith or willfulness involved.

Plaintiff's motion in limine to exclude Defendants' expert witnesses is **DENIED**.

2. **Plaintiff's Motion in Limine to Exclude References to the Lending Center**

Plaintiff moves to exclude any evidence or testimony regarding Defendant Christine R. Smith's employment with The Lending Center during the time of Plaintiff's loan transactions as irrelevant because Plaintiff contends that Smith was not working for The Lending Center at the time. Defendants argue that Plaintiff was put in contact with Smith through The Lending Center at a time that she was not yet working for Defendant Golden Valley.

Whether Smith was working for The Lending Center or Golden Valley or some combination of the two when she engaged in the alleged wrongful conduct is relevant and a question of fact for the jury to decide.

Plaintiff's motion in limine to exclude evidence or testimony regarding Smith's employment with The Lending Center is **DENIED**.

3. **Plaintiff's Motion in Limine to Exclude Defendants' Exhibits**

Plaintiff moves to exclude three of Defendants' exhibits as lacking a necessary foundation, inadmissable hearsay, inadmissable secondary evidence, and prejudicial. The exhibits in question are : (1) ORCH0046; (2) GVCS0062; (3) GVCS 0236. Defendants respond that despite Plaintiff's claims that he may or may not have signed these documents, Defendants will lay a proper foundation for the documents prior to their introduction into evidence at trial and that whether Plaintiff signed these and other documents is a subject upon which expert testimony will be offered. The documents purport to be correspondence from Plaintiff as to his reasons for refinancing his existing loans.

- 2 -

07CV1567

The portions of Plaintiff's deposition testimony identified by both parties would not alone provide a sufficient foundation for admission of ORCH0046 or GVCS0062 into evidence because Plaintiff claims he has never seen or signed ORCH0046 and does not remember ever seeing GVCS 0062, but that does not itself preclude Defendants from laying a proper foundation for their admission.[1]  While the Court is denying Plaintiff's motion at this time, the exhibits will not be admitted into evidence unless Defendants can lay a proper foundation for their admission through testimony at trial that also resolves any genuine questions as to authenticity.

Plaintiff's motion in limine to exclude exhibits ORCH0046, GVCS0062, and GVCS 0236 is **DENIED**.

4.      **Plaintiff's Motion in Limine to Exclude All References to Plaintiff's Income Listed on Prior Loan Applications**

Plaintiff moves to exclude Plaintiff's 2004 loan applications that include his 2004 income as irrelevant and inadmissible character evidence.  Plaintiff argues that the income listed on his 2004 loan applications is irrelevant to this case because this case involves his 2007 loan application.  Additionally, Plaintiff argues that Defendants are just attempting to show that he lied about his income on the 2004 applications to prove that he did the same on the 2007 application.

Defendants argue the evidence is relevant to prove that the monthly income listed on the 2007 loan application, $6,470.50, was not falsified by Defendants as Plaintiff has alleged. Defendants additionally argue that Plaintiff's 2004 applications, in combination with his deposition testimony that his income in 2004 was $3,200, demonstrates that he lied on his 2004 loan applications.  Defendants want to inquire about Plaintiff's false statement on cross examination pursuant to Federal Rule of Evidence 608(b) because it is probative of his character for truthfulness or untruthfulness.

Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than is would be without the evidence." FED. R. EVID. 401.  Plaintiff's stated monthly income on the 2004 applications, $6,000,

---

[1] Plaintiff was never asked about whether GVCS 0236 contained his signature at his deposition, but it apparently originated with Plaintiff's former counsel who is expected to authenticate it at trial, in addition to testimony by Golden Valley personnel regarding receipt of the document from Plaintiff.

is relevant to prove Plaintiff's 2007 income because he testified at his deposition that his income in 2007 was greater than his income in 2004. Plaintiffs income being greater than $6,000 is relevant because he has alleged that the $6,470.50 income stated on his 2007 loan application was falsified by Defendants. To sum up, Plaintiff's statement of income on the 2004 applications is relevant to prove Plaintiff's 2007 income and may be admitted for that purpose if Plaintiff's 2007 income is an issue at trial.

In the event Defendants seek to introduce the 2004 loan applications to show that Plaintiff falsified his income on the 2004 applications as a specific instance of conduct under Rule 608(b), the Court will reserve any decision on such a line of questioning for trial.[2]

Plaintiff's motion in limine to exclude all references to Plaintiff's income on his 2004 loan applications is **DENIED** and the Court reserves any decision as to a Rule 608(b) inquiry on cross examination.

5. **Defendants' Motion in Limine to Exclude Testimony of Plaintiff's Expert Curtis Novy**

Defendants move to exclude one of Plaintiff's expert witnesses, Curtis Novy, from offering any opinions regarding: (1) handwriting analysis – falsification of signatures, questionable signatures, and forgeries; and (2) damages. Plaintiff responds that Mr. Novy is well-qualified to provide a cost comparison between loan programs and that Defendants have not shown how they were prejudiced by Mr. Novy's supplemental report.

  a. **Handwriting Analysis**

Plaintiff does not address Mr. Novy's qualification to conduct hand-writing analysis, nor does his expert report indicate he has any qualifications regarding the subject. Accordingly, Mr. Novy may not testify regarding handwriting analysis.

//

---

[2] The Court, however, cautions Defendants that the actual applications would not be admissible under Rule 608(b) and any inquiry, should it be allowed at all, would be very limited to comply with Rule 403's requirement that the probative value not be outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 608(b) (allowing, in the discretion of the Court, inquiry on cross examination of a witness of specific instances of conduct that are probative of the witness' character for truthfulness or untruthfulness, but specifically precluding proof of the conduct by extrinsic evidence); *see also* FED. R. EVID. 608(b) advisory committee note ("the overriding protection of Rule 403 requires that probative value not be outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury").

      **b.**    **Damages**

Defendants argue Mr. Novy's testimony concerning damages should be excluded for two reasons. First, Defendants argue that the subject of Mr. Novy's supplemental report should be excluded as a sanction under Rule 37(c)(1) because the supplemental report, provided two weeks after the initial report, included a new subject not disclosed in the initial report, calculation of cost differences between loan types. Second, Defendants argue that Mr. Novy is not qualified to provide testimony regarding damages.

As previously discussed, Rule 37(c)(1) precludes the use of information as a sanction for failure to disclose the information as required, "unless the failure was substantially justified or is harmless." Much like Plaintiff's motion to exclude Defendants' experts based on Defendants' late disclosure of rebuttal experts and expert reports, Defendants have failed to show how they were prejudiced by the supplemental report, particularly given that Defendants were able to depose Mr. Novy on the subject of the supplement report. Mr. Novy's testimony regarding cost differences between loan types will not be excluded pursuant to Rule 37(c)(1).

Defendants also challenge Mr. Novy's testimony concerning damages because his supplemental report contains the following language, "An analysis of financial damages is generally outside the scope of Expert's practice areas." But, as Plaintiff points out, that sentence is immediately followed by, "However, Expert can provide a basic comparison of loan costs associated with the loan program requested vs. the actual loan program provided by mortgage broker and lender."

The report goes on to provide a comparison of a 30-year fixed rate loan in a particular amount with two other loans Plaintiff allegedly received, comparison of interest costs, analysis of broker compensation, and negative amortization. Additionally, Plaintiff notes that Mr. Novy has 25 years of experience with mortgage loans, 15 of which were in underwriting and analyzing mortgage loans.

Mr. Novy may offer testimony regarding the differences in costs affiliated with relevant loan terms, but his testimony shall be limited to that subject. Defendant's motion in limine to exclude Mr. Novy's testimony is **GRANTED in part and DENIED in part** as discussed above.

6. **Defendants' Motion in Limine to Exclude Testimony of Plaintiff's Expert Hugh Curfman**

Defendants move to preclude Plaintiff from presenting testimony by his handwriting expert, Hugh Curfman, because his expert report lacks certain information required by Federal Rule of Civil Procedure 26(a)(2)(B), including, a statement of all opinions and the basis for them, list of all other cases in which the witness testified as an expert at trial or by deposition, and a statement of compensation. Plaintiff responds that any deficiencies in the report, to the extent that there were any, were addressed by Mr. Curfman's deposition testimony. Defendants accurately note that Mr. Curfman's report lacks a list of all cases in which he has testified in the last four years and a statement of compensation, however, this information was provided at Mr. Curfman's deposition, in addition to providing further explanation of the opinions expressed in his report.

As previously discussed, Rule 37(c)(1) precludes the use of a witness or information as a sanction for failure to disclose the information as required, "unless the failure was substantially justified or is harmless." In determining if a violation is substantially justified or is harmless, the Court may consider: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *See David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003). Defendants have not shown how the claimed deficiencies of the report prejudiced Defendants, particularly given that the deficiencies were corrected during Mr. Curfman's deposition, the trial was months away, and there is no suggestion that the deficiencies were willful or in bad faith.

Defendants' motion in limine to exclude the testimony of Mr. Curfman is **DENIED**.

**IT IS SO ORDERED.**

DATED: May 27, 2010

Hon. Roger T. Benitez
United States District Judge